UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ANTHONY BARRAZA,<br><br>   Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>   Defendant. | Case No. ED CV 13-1557-SP<br><br><br>MEMORANDUM OPINION AND ORDER |

**I.**

**INTRODUCTION**

On September 12, 2013, plaintiff Marcus Anthony Barraza filed a complaint against the Commissioner of Social Security Administration ("Commissioner"), seeking a review of a denial of a Supplemental Security Income ("SSI"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one disputed issue for adjudication: whether the Administrative Law Judge ("ALJ") properly considered plaintiff's need to lie

1

down during breaks in his step five analysis.

Having carefully studied the parties's written submissions, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ did not err at step five. The court therefore affirms the Commissioner's denial of benefits.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was forty-three years old on his alleged disability onset date, is a high school graduate who completed two years of college. AR 42, 162. Plaintiff has past relevant work experience as a plumber. AR 168.

On December 14, 2009, plaintiff applied for SSI alleging a disability onset date of January 16, 2007. AR 162. Plaintiff was denied initially and upon reconsideration, after which he requested a hearing. AR 73-76, 79-87.

A first hearing was held on October 6, 2011, at which plaintiff failed to appear due to his incarceration for a parole violation in an insufficient funds check case. AR 30, 39. Plaintiff's counsel appeared and the ALJ heard testimony from vocational expert ("VE") Sandra Fioretti. AR 30-34.

On November 16, 2011, plaintiff, represented by counsel, appeared and testified at a second hearing before the ALJ. AR 38-63. VE Corinne Porter also testified. AR 63-70.

Applying the well known five-step sequential evaluation process, the ALJ found, at step one, that the plaintiff has not engaged in substantial gainful activity since his December 10, 2009 application date. AR 16.

At step two, the ALJ found that plaintiff suffered from the following severe impairments: insulin dependent diabetes mellitus II, obesity, arthritis of the right hip, and diabetic neuropathy of the feet. *Id*.

At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of

the listed impairments in 20 C.F.R. P. 404, Sub. P, Appx. 1.  AR 18.

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[1] and determined plaintiff could perform "light work" with the following exceptions:

> [Plaintiff] is restricted from working around hazards such as unprotected heights and dangerous machinery as well as any work involving operating a motor vehicle, climbing ladders, stairs or ropes, running, jumping, kneeling, crouching or crawling. Furthermore, [plaintiff] is to avoid all work requiring activity above shoulder level, rapid physical activities and reading fine print. [Plaintiff] has retained the ability to sit seven hours out of an eight-hour workday with breaks every 30 minutes allowing him to stretch for one minute. *He should be allowed the opportunity to lie down during normal breaks*. He is able to stand or walk for two hours out of an eight-hour workday in 15 minute increments with the use of a cane for ambulation as needed and is limited to occasional bending and stooping. Lastly, he is restricted to only simple, routine, uncomplicated tasks or essentially unskilled work.

*Id*. (emphasis added).

At step four, the ALJ found plaintiff was unable to return to his past relevant work as a plumber.  AR 22.

At step five, the ALJ found plaintiff was able to perform work that exists in significant numbers in the national economy, including sewing machine operator

---

[1] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).  "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007) (citation omitted).

(DOT 689.685-118), hand bander (DOT 920.687-030), and garment sorter (DOT 222.687-014). AR 22-23. Accordingly, the ALJ found plaintiff was not disabled as defined in the Social Security Act. AR 23.

Plaintiff filed a timely application for review with the Appeals Council, which was denied. AR 3-6, 10. The ALJ's decision stands as the final decision of the Commissioner.

## III.
## **STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing

4

the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.
## **DISCUSSION**

Plaintiff contends the ALJ failed to properly consider plaintiff's lying down requirement at step five. In particular, plaintiff appears to argue the "lying down" limitation constitutes a unexplained deviation from the Dictionary of Occupational Titles ("DOT"), and requires specific testimony regarding the number of positions eroded by the limitation. *See* Pl. Mem. at 5-6. Plaintiff further contends, "[t]here is no indication that jobs exist in significant numbers that the lying down limitation will not be considered an accommodation." *Id*. at 6. Accordingly, plaintiff also appears to challenge the vocational expert's opinion that jobs exist in significant numbers that will allow for plaintiff's need to lie down during normal breaks.

At step five, the burden shifts to the Commissioner to show that the claimant retains the ability to perform other gainful activity. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a step-five finding that a claimant is not disabled, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can perform, given his or her age, education, work experience, and RFC. 20 C.F.R. §§ 404.1520(g), 416.920(g). To meet this burden an ALJ may pose hypotheticals to the VE based on medical assumptions supported by the record and reflecting all the claimant's limitations. *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989); *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995).

The Dictionary of Occupational Titles is the rebuttable presumptive authority on job classifications. *See Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995); *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990); *see also* 20

C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). An ALJ may rely on a VE's testimony regarding the requirements of a particular job, but must first inquire whether the testimony conflicts with the DOT, and if so, the reasons therefor. *Massachi*, 486 F.3d at 1152-53 (citing Social Security Ruling ("SSR") 00-4p).[2] But failure to so inquire can be deemed harmless error where there is no apparent conflict or the VE provides sufficient support to justify deviation from the DOT. *Id*. at 1154 n.19. In order for an ALJ to accept a VE's testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation." *Id*. at 1153 (citing *Johnson*, 60 F.3d at 1435).

Plaintiff tries to characterize his lying down limitation as a specific accommodation required of the employer, and one that is a deviation from the DOT's job descriptions. Plaintiff contends that the VE was required to make specific findings as to the number of occupations eroded by plaintiff's need to lie down during breaks. *See* Pl. Mem. at 5-6 ("There is no vocational testimony that indicates that every employer of sewing machine operators, garment sorters, and hand banders provides couches, beds, recliners, or any other place for an employee to lie down."). The court disagrees.

First, plaintiff's characterization of his lying down limitation as an "accommodation" is misleading, as plaintiff seeks to conflate it with accommodations that are made by employers under the Americans with Disabilities Act ("ADA"). In particular, plaintiff cites to SSR 00-1c to argue that accommodations that permit a disabled person to work are irrelevant to whether a

---

[2] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the [Social Security Administration]. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001) (internal citations omitted).

person is disabled under the Social Security Act. Pl. Mem. at 5. But SSR 00-1c specifically concerns claims filed under both the Social Security Act and the ADA. It is inapplicable here, where plaintiff has not filed an ADA claim. Instead, the question is whether the ALJ properly considered and accounted for the limitation in plaintiff's RFC that plaintiff must be able to lie down during breaks.

The ALJ posed a hypothetical to the VE with all of plaintiff's limitations, including the need to "lie down during breaks, especially at the lunch break . . ." AR 64. The VE then opined plaintiff could perform the occupations of sewing machine operator (DOT 689.685-118), garment sorter (DOT 222.687-014), and hand bander (DOT 920.687-030). AR 64-65. The ALJ asked the VE whether her testimony was consistent with the DOT, and she replied that it was. AR 65.

The ALJ did not ask the VE the number of positions that would be eroded by the lying down limitation, just as the ALJ did not ask the VE about the specific impact of any of plaintiff's other limitations posed by the ALJ in the hypothetical. Instead, the ALJ posed a proper hypothetical that included plaintiff's lying down limitation, and in response the VE opined plaintiff could perform the aforementioned positions. *See Johnson*, 60 F.3d at 1436 (affirming denial of benefits because, in response to hypothetical including all of plaintiffs limitations, the VE responded with jobs that included the sit/stand option); *Sample v. Schweiker*, 694 F.2d 639, 643-44 (9th Cir. 1982) (as long as the hypothetical question posed by the ALJ is properly based on all relevant evidence in the case, the testimony of the VE is valuable). It is reasonable to infer the VE considered all of plaintiff's limitations in rendering her opinion. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997); *Terry,* 903 F.2d at 1279 (ALJ may rely on inferences drawn from the context of the expert's testimony).

Furthermore, the DOT makes no reference to what employers generally permit during breaks, and as such, is not contradicted by plaintiff's "lying down" limitation. Indeed, the VE is employed precisely to "provide more specific

information about jobs or occupations [beyond] the DOT." SSR 00-4p; *see Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

Faced with a similar case, this court held a "lying down" limitation, during regular breaks, is not a DOT deviation requiring specific expert testimony:

> "[N]one of the job descriptions in the DOT address whether an individual can lie down during a lunch break. The VE was certainly testifying within his expertise when he asserted that Plaintiff would be able to lie down, if that were a limitation, and could still perform these jobs. The Court does not perceive that the necessity of lying down during a lunch break, for some unspecified amount of time, constitutes a deviation from a DOT job title which requires specific expert testimony.

*Alva v. Astrue*, 2009 WL 2984046, at *3 (C.D. Cal. Sept. 15, 2009). Accordingly, the ALJ was entitled to rely on the VE for an expert opinion that encompassed plaintiff's break period limitation, and was not required to make specific findings on the effect of that limitation.

To the extent plaintiff questions the availability of a significant number of jobs permitting a "lying down" limitation, this argument too fails. The ALJ is entitled to rely on the VE's expertise in rendering his opinion. *See, e.g.*, *Bayliss*, 427 F.3d at 1218 (ALJ may rely on work information elicited from VE, whose "recognized expertise" provides required foundation for her testimony). The ALJ did so here, with the VE having properly rendered an expert opinion regarding the number of jobs plaintiff could perform, considering, inter alia, the limitation that plaintiff must be able to lie down during regular breaks.

In sum, the ALJ properly relied on the expertise of the VE and was not required to make specific findings as to the "lying down" limitation. As such, the ALJ did not err at step five.

## V.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing this action with prejudice.

Dated: August 12, 2014



SHERI PYM
UNITED STATES MAGISTRATE JUDGE